**Fill in this information to identify the case:**

Debtor 1: Michael W. Peterson

Debtor 2: Delia Peterson
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Illinois

Case number: 18-29583

Official Form 410S1

# Notice of Mortgage Payment Change 12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

Name of creditor: U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust

Court claim no. (if known): 10-1

Last 4 digits of any number you use to identify the debtor's account: 5 1 7 6

Date of payment change:
Must be at least 21 days after date of this notice: 07/01/2021

New total payment: $ 2,250.10
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

   ☒ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment: $ _____    New escrow payment: $ _____

## Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

   ☐ No
   ☒ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate: 3.000 %    New interest rate: 3.875 %
   Current principal and interest payment: $ 1,351.54    New principal and interest payment: $ 1,524.59

## Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

   ☒ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (Court approval may be required before the payment change can take effect.)

   Reason for change: _____

   Current mortgage payment: $ _____    New mortgage payment: $ _____

Official Form 410S1                   Notice of Mortgage Payment Change                   page 1

| Debtor 1 | Michael W. Peterson | Case number (if known) 18-29583 |
|---|---|---|
| | First Name  Middle Name  Last Name | |

### Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✘ /s/ Molly Slutsky Simons                        Date 05/14/2021
Signature

Print:  Molly Slutsky Simons                      Title  Attorney for Creditor
        First Name  Middle Name  Last Name

Company  Sottile & Barile, Attorneys at Law

Address  394 Wards Corner Road, Suite 180
         Number       Street
         Loveland                    OH      45140
         City                        State   ZIP Code

Contact phone  513-444-4100            Email  bankruptcy@sottileandbarile.com

Investor Loan Number: ▮

After Recording, Return To:
Michael W. Peterson
6149 N. Kilbourn Ave
Chicago IL 60646

This document was prepared by
**Seterus, Inc.**

──────── [Space Above This Line For Recording Data] ────────
Loan Number ▮
Investor Loan Number: ▮
NMLS Unique ID Number ▮    Employee ID Number: ▮

**HOME AFFORDABLE MODIFICATION AGREEMENT**
**(Step Two of Two-Step Documentation Process)**

L710J

6·4·15

Borrower ("I"):[1] PETERSON, DELIA and PETERSON, MICHAEL W
Lender or Servicer ("Servicer"): Seterus, Inc.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): February 20, 2007
Loan Number: 9098373
Property Address [see Exhibit "A" attached hereto and made a part of thereof] ("Property"): 6149 N KILBOURN AVE, CHICAGO, IL, 60646-0000

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document, words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

PETERSON, DELIA ▮    Contract Code DDH
HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3157  3/09  (rev. 10/10)    Page 1 of 9

given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Servicer, the Servicer will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Servicer, and agree:
   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. I live in the Property as my principal residence, and the Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Servicer in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Servicer requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:
   A. If prior to the Modification Effective Date as set forth in Section 3 the Servicer determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Servicer will have all of the rights and remedies provided by the Loan Documents; and
   B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Servicer a copy of this Agreement signed by the Servicer, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement; and
   C. If any borrower that signed the mortgage note has previously received a Home Affordable Modification on any property, then this property will not be eligible for this program and this offer will be null and void.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on July 01, 2015 (the "Modification Effective

Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on July 01, 2015.

A. The new Maturity Date will be June 01, 2055.
B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Servicer but not previously credited to my Loan. The new principal balance of my Note will be $473,858.46 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.
C. $89,693.50 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $384,164.96. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of June 01, 2015 and the first new monthly payment on the Interest Bearing Principal Balance will be due on July 01, 2015. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | 06/01/15 | $1,163.35 | $579.28 | $1,742.63 | 07/01/15 | 60 |
| 6 | 3.000% | 06/01/20 | $1,351.54 | $579.28 | $1,930.82 | 07/01/20 | 12 |
| 7-40 | 3.875% | 06/01/21 | $1,524.59 | $579.28 | $2,103.87 | 07/01/21 | 408 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification,

PETERSON, DELIA                                                                                      Contract Code DDH
HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3157   3/09  (rev. 10/10)                                                                        Page 3 of 9

the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

G. If I make a partial prepayment of Principal, the Servicer may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements**. I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Servicer has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Servicer.

   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   D. That this Agreement constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

   E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in

PETERSON, DELIA █████                                                                      Contract Code DDH
HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3157  3/09  (rev. 10/10)                                                                    Page 4 of 9

the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Servicer and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Servicer's prior written consent, Servicer may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Servicer shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Servicer exercises this option, Servicer shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Servicer will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, any provision in the Note, as amended, for the assessment of a penalty for full or partial prepayment of the Note must be waived with respect to any borrower "pay for performance."

J. That, I will cooperate fully with Servicer in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Servicer's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Servicer does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L. Mortgage Electronic Registration Systems, Inc. (MERS) is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, 888.679.MERS. In cases where the loan has been registered

with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Servicer and Servicer's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Servicer including, but not limited to, releasing and canceling the mortgage loan.

M. In the event of future default, Borrower authorizes Lender and Lender's successors and assigns, to share certain Borrower public and non-public personal information including, but not limited to (i) name, address, telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, and (v) payment history and information about Borrower's account balances and activity, with an authorized third party, which may include, but is not limited to, a counseling agency, state or local Housing Finance Agency, or similar entity that is assisting Borrower in connection with obtaining a foreclosure prevention alternative, including the Trial Period Plan to modify Borrower's loan ("Authorized Third Party").

Borrower understands and consents to Lender or Authorized Third Party, as well as Fannie Mae (the owner of Borrower's loan), disclosing such personal information and the terms of any relief or foreclosure prevention alternative, including the terms of the Trial Period Plan to modify Borrower's loan, to any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with the loan or any other mortgage loan secured by the Property on which Borrower is obligated.

Borrower consents to being contacted by Fannie Mae, Lender, or Authorized Third Party concerning mortgage assistance relating to Borrower's loan including the Trial Period Plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Authorized Third Party.

By checking this box, Borrower also consents to being contacted by text messaging. ☐

N. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Servicer's request to execute, acknowledge, initial and deliver to the Servicer any documentation the Servicer deems necessary. If the original promissory note is replaced, the Servicer hereby indemnifies me against any loss associated with a demand on the original note. All documents the Servicer requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Servicer's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization, which will result in a higher total monthly payment. Furthermore, the date

on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. Any and all attorneys fees and legal costs incurred by Borrower or its representatives, with respect to this loan, will be the sole responsibility of the Borrower.

In Witness Whereof, the Servicer and I have executed this Agreement.

_____ Scott Burich    JUN 1 6 2015
Seterus, Inc. Authorized Signer                    Date

_____                  6/12/15
PETERSON, DELIA                                    Date

_____                  6 – 12 – 2015
PETERSON, MICHAEL W                                Date


_____ [Space Below This Line For Acknowledgments] _____

State of **ILLINOIS**          )
                               ) ss.
County of _____Cook_____       )

This instrument was acknowledged before me on ____6-12-15____,
_____ by PETERSON, DELIA and PETERSON, MICHAEL W.

"OFFICIAL SEAL"
CASSANDRA BLASGEN-BRIN
NOTARY PUBLIC, STATE OF ILLINOIS
COUNTY OF DU PAGE
MY COMMISSION EXPIRES 03-14-2018

_____
Signature of Notary Public
Typed or printed name:
_____CASSANDRA BLASGEN-BRIN_____

(SEAL)

My Commission expires: __3-14-18__


PETERSON, DELIA                                                        Contract Code DDH
HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3157  3/09  (rev. 10/10)                                          Page 7 of 9

State of Oregon

County of Washington

On _____, before me, _____, personally appeared _____, **Authorized Signer of Seterus, Inc.,** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public
State of Oregon

My commission expires on:

Commission No.

## Exhibit A

Lot 445 in Koester and Zander?s Sauganash Subdivision in Caldwell?s Reserve in Section 3, Township 40 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois. 6149 N. Kilbourn Ave. Chicago, IL. 60646 PERMANENT TAX NUMBER: 13-03-117-003-0000
Also Known As: 6149 N KILBOURN AVE, CHICAGO, IL 60646-0000

PETERSON, DELIA ▮▮▮▮  Contract Code DDH
HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3157   3/09   (rev. 10/10)  Page 9 of 9

State of Oregon

County of Washington

On 6/16/2015, before me, **Regina Marie Noxon**, personally appeared **Scott Burich, Authorized Signer of Seterus, Inc.**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Regina Marie Noxon, Notary Public
State of Oregon

OFFICIAL STAMP
REGINA MARIE NOXON
NOTARY PUBLIC - OREGON
COMMISSION NO. 924194
MY COMMISSION EXPIRES JANUARY 26, 2018

My commission expires on: January 26, 2018

Commission No. 924194

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 18-29583 |
| Michael W. Peterson<br>Delia Peterson | Chapter 13 |
| Debtors. | Hon. Judge Carol A. Doyle |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice of Mortgage Payment Change upon the above-named parties by electronic filing or, as noted below, by placing same in a properly addressed and sealed envelope, postage prepaid, and depositing it in the United States Mail at 394 Wards Corner Rd., Suite 180, Loveland, OH 45140 on May 14, 2021, before the hour of 5:00 p.m.

Adrian E. Mazar, Debtors' Counsel
amazar@matekmazarlaw.com

M.O. Marshall, Trustee
ecf@55chapter13.com

Patrick S Layng, U.S. Trustee
ustpregion11.es.ecf@usdoj.gov

Michael W. Peterson, Debtor
Delia Peterson, Debtor
6115 N. Cicero Avenue #4
Chicago, IL 60646

Dated: May 14, 2021

Respectfully Submitted,

/s/ Molly Slutsky Simons
Molly Slutsky Simons (OH 0083702)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Creditor